UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEFFREY KRUEBBE**                          **CIVIL ACTION**

**VERSUS**                                      **NO: 15-6930**

**JON GEGENHEIMER ET AL**              **SECTION: "H"(3)**

## ORDER AND REASONS

Plaintiff has filed a Notice of Removal attempting removal of his criminal prosecution pending in the Second Parish Court for the Parish of Jefferson. This is the second notice of removal Plaintiff has filed regarding these proceedings. He previously attempted to remove his criminal proceeding into this open civil case through his first and second amended complaints. Though it is generally improper to remove a criminal case into an open civil case, the Court, construing his pro se pleadings liberally, nevertheless proceeded to the merits of the removal. Concluding that removal was not appropriate, the Court remanded his criminal action on January 22, 2016.[1] Plaintiff again seeks to remove the same pending criminal action. At the April 20, 2016 status conference the Court ordered that the criminal action would once again be remanded. These reasons follow.

The Federal Removal Statutes, as codified at 28 U.S.C. §§ 1441–1455, specify limited grounds for removal of state criminal prosecutions. First, 28

---

[1] Doc. 20.

U.S.C. § 1442 provides that a criminal action may be removed (1) when it is against the United States, a federal officer, an officer of the courts of the United States, or an officer of either House of Congress, if certain requirements are met; (2) when it is against a property holder whose title is derived from any officer of the United States or its agencies, and the prosecution affects the validity of any law of the United States; and (3) when it involves a member of the armed forces, if certain requirements are met. Because Plaintiff's case does not involve federal officers, federally derived property, or members of the armed forces, removal under § 1442 is not appropriate.

Second, pursuant to 28 U.S.C. § 1443, the following types of criminal actions may be removed:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court, construing 28 U.S.C. § 1443, has held that § 1443(2) "is available only to federal officers and to persons assisting such officers in the performance of their duties."[2] Because Plaintiff is neither a federal officer nor a person assisting such an officer, he cannot remove on this ground.

---

[2] *City of Greenwood v. Peacock,* 384 U.S. 808, 815 (1966). *See also Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd.,* 417 F.3d 444, 447 (5th Cir.2005) ("The Supreme Court has held that § 1443 'confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.' ").

No such limitation is established by § 1443(1); rather, the Supreme Court, in *Johnson v. Mississippi,* held that:

> [A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test.
> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights 'in the courts of (the) State. This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case. Except in the unusual case where an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court, it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal.[3]

Even construing Plaintiff's notice of removal liberally, the Court cannot conclude that he has established grounds for removal under 1443(1). He

---

[3] *Johnson v. Miss.*, 421 U.S. 213, 219–20 (1975) (citations and internal quotation marks omitted). *See also Smith v. Winter*, 717 F.2d 191, 194 (5th Cir.1983).

3

asserts that he "cannot receive a fair trail [sic] in the Second Parish Court of Jefferson . . . because Judge Raylyn Beevers . . . is bias [sic] and is controlling the fines, fees, and taxes she is assessing."[4] The allegations make no mention of a right arising under a federal law providing for specific civil rights stated in terms of racial equality. Accordingly, there is no basis for removal, and the criminal action is **REMANDED**. Plaintiff is prohibited from seeking further removal on the same grounds.[5]

New Orleans, Louisiana this 25th day of April, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[4] Doc. 65-2.
[5] *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).