UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEFFREY KRUEBBE**                                    **CIVIL ACTION**

**VERSUS**                                             **NO: 15-6930**

**JON GEGENHEIMER ET AL**                              **SECTION: "H"(3)**

### ORDER AND REASONS

Before the Court are a Motion to Dismiss filed by Charles Thomas Carr, III and Meredith Claire Hearn (Doc. 33) and a Motion to Dismiss filed by Judge Raylyn R. Beevers (Doc. 70). For the following reasons, the Motions to Dismiss are **GRANTED.**

### BACKGROUND

In this pro se civil rights action, Plaintiff challenges the constitutionality of Louisiana Revised Statute 13:2562.22. He complains that the state court Judicial Expense Fund, which holds fines assessed by state court judges, is controlled by these same judges.

Mr. Kruebbe was charged with a misdemeanor criminal violation in state court. When he failed to appear at a court date, Defendant Judge Beevers found him in contempt, assessed a fine of $150, and issued a writ of attachment for his arrest. Plaintiff alleges that he was never served with notice to appear

1

in court. Nevertheless, his mother paid the contempt fee at issue, which was deposited into the Judicial Expense Fund for the Second Parish Court for the Parish of Jefferson. Plaintiff challenges the constitutionality of the Judicial Expense Fund because the judges of the court control the fines they assess, creating improper bias. He seeks injunctive relief precluding both his criminal prosecution and further collection of monies into the Judicial Expense Fund. Additionally, Plaintiff attempted to remove his misdemeanor theft prosecution to this Court; however, that cause was remanded.[1]

Defendants Judge Rayln Beevers and Assistant District Attorney Charles Thomas Carr have moved for dismissal of Plaintiff's complaint for failure to state a claim. Meredith Hearn has joined in Defendant Carr's Motion, however, she is not named as a defendant in either the Complaint or the Amended Complaint.[2]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw

---

[1] Doc. 20.
[2] It appears that Ms. Hearn was first served with Plaintiff's Notice of Removal of Criminal Prosecution (Doc. 18); however, she is not named as a defendant therein. Plaintiff attempted to add Ms. Hearn as a party through his Motion to Amend Case Caption; however, that Motion was denied. Accordingly, Plaintiff's allegations before the Court are limited to those contained in the Complaint (Doc. 1) and the Amended Complaint (Doc. 5).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[4] *Id.*

2

all reasonable inferences in the plaintiff's favor."[5] The Court need not, however, accept as true legal conclusions couched as factual allegations.[6]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[8] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[9]

## LAW AND ANALYSIS

### I. Claims Against ADA Carr

The ADA Defendants argue that they are entitled to dismissal both because Plaintiff has failed to allege facts tending to show them liable for any misconduct and because they are entitled to immunity. The Court will address these arguments in turn.

**A. Failure to Allege Facts**

In his opposition to Defendant Carr's Motion to Dismiss, Plaintiff alleges that Defendant has "aided a criminal proceeding against Plaintiff without probable cause." These allegations are not, however, contained in Plaintiff's Complaint or Amended Complaint. The claims in Plaintiff's Complaint and Amended Complaint concern alleged violations of his civil rights in the enforcement of La. Rev. Stat. § 13:2562.22 in relation to the Judicial Expense Fund. The challenged statute provides that "[i]n all criminal cases over which the First and Second Parish Courts of Jefferson Parish have jurisdiction, there

---

[5] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Iqbal*, 556 U.S. at 667.
[7] *Id.*
[8] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[9] *Lormand*, 565 F.3d at 255–57.

shall be taxed as costs against every defendant who is convicted after trial or after plea of guilty or who forfeits his bond, a sum likewise determined but which shall not exceed fifteen dollars, which shall be in addition to all other finds, costs, or forfeitures lawfully imposed."[10] The challenged statute further provides that "[a]ll sums collected or received under this Section shall be placed in a . . . Judicial Expense Fund," which "[t]he judges, en banc, of the courts shall have control over."[11] Mr. Carr and Ms. Hearn argue that the claims against them should be dismissed because Plaintiff has failed to allege facts showing that they are liable for misconduct.

A plain reading of the challenged statute shows that Mr. Carr and Ms. Hearn, acting as Assistant District Attorneys in the Jefferson Parish District Attorney's Office, exercise no control over the Judicial Expense Fund. Even construed liberally, Plaintiff's complaint fails to set forth facts from which the Court could reasonably infer that the Defendant is liable for any alleged misconduct. Notably, Plaintiff's Complaint and Amended Complaint are devoid of any specific factual allegations against Defendant Carr. Accordingly, the Plaintiff's claims against the ADA Defendants are dismissed without prejudice for failure to state a claim upon which relief can be granted.

**B. Immunity**

Plaintiff's claims are likewise subject to dismissal on the basis of qualified immunity.[12] "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which

---

[10] La. Rev. Stat. 13:2562.22(A).
[11] La. Rev. Stat. § 13:2562.22(B).
[12] The ADA defendants also aver that they are entitled to dismissal on the basis of absolute prosecutorial immunity. Because the Court finds that dismissal would be warranted under the less stringent qualified immunity standards, it need not reach the question of whether absolute immunity applies.

4

a reasonable person would have known."[13] In *Saucier v. Katz*, the Supreme Court promulgated a two-step analysis to determine if an official has stepped outside the bounds of qualified immunity.[14] Under that test, the initial inquiry is whether the Plaintiff has alleged a constitutional violation.[15] If established, the next inquiry is whether the defendant's conduct was objectively reasonable in light of clearly established law at the time the conduct occurred.[16] In *Pearson v. Callahan*, the Court retreated somewhat from this rigid two-step inquiry, giving courts leave to decide which prong to consider first.[17] "Qualified immunity is "an immunity from suit rather than a mere defense to liability."[18]

Even providing the liberal construction that Plaintiff is due as a pro se litigant, the Court finds that the Compliant and Amended Complaint fail to allege sufficient facts from which it could infer that the ADA Defendants have committed any violations of clearly established law. As noted above, Plaintiff's Complaint and Amended Complaint are devoid of any distinct factual allegations implicating the ADA Defendants. Without such an allegation, Defendants are entitled to the protection of qualified immunity in the performance of their official duties.

## II.  Claims Against Judge Beevers

Judge Beevers asks the Court to dismiss the claims against her on the basis of prematurity, *Younger* abstention, and the Anti-Injunction Act. Plaintiff's opposition does not address these legal arguments. Because the Court finds that *Younger* abstention applies, it need not reach Defendant's other arguments.

---

[13] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal citations omitted).
[14] 533 U.S. 194, 201 (2001).
[15] *Id.*
[16] *Id.*
[17] 555 U.S. 223, 236 (2008).
[18] *Id.* at 237.

5

In *Younger v. Harris*, the Supreme Court articulated a doctrine of abstention when the exercise of federal jurisdiction would interfere with ongoing state criminal proceedings.[19] *Younger* abstention is grounded in principles of equity, comity, and federalism.[20] Three requirements must be met before *Younger* abstention is appropriate: (1) the exercise of federal jurisdiction would interfere with an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges.[21] If these requirements are met, then a federal court may only enjoin a pending state criminal court proceeding if certain narrowly delimited exceptions to the abstention doctrine apply. Specifically, courts may disregard the *Younger* doctrine when: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.[22]

The Court finds that, in this case, the prerequisites to *Younger* abstention are satisfied. First, the criminal proceedings against Plaintiff are ongoing and were in progress at the time this lawsuit was initiated. Second, the state has an important interest in enforcing its criminal laws and its contempt rulings, and any ruling in this matter would necessarily interfere with the ongoing state court proceedings. Third, Plaintiff has an adequate

---

[19] 401 U.S. 37, 91 (1971).
[20] *Id.* at 43–44.
[21] *See Bice v. Louisiana Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citations omitted).
[22] *Younger*, 401 U.S. at 49; *Trainor v. Hernandez*, 431 U.S. 434, 446 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984).

6

opportunity to raise his constitutional defenses in the state court proceedings. Additionally, the Court finds that none of the exceptions to *Younger* abstention are met in this case. Accordingly, Plaintiff's claims are dismissed.

## CONCLUSION

For the forgoing reasons, Defendants' Motions are **GRANTED**. Plaintiff's claims against Defendants Charles Carr and Raylyn Beevers are **DISMISSED WITHOUT PREJUDICE.** With respect to these Defendants only, Plaintiff is granted leave to amend his Complaint within 20 days of this Order to the extent that he can plausibly state a claim under which relief can be granted.

New Orleans, Louisiana this 20th day of June, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**