UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEFFREY KRUEBBE**                                   **CIVIL ACTION**

**VERSUS**                                            **NO: 15-6930**

**JON GEGENHEIMER ET AL**                             **SECTION: "H"(3)**

### ORDER AND REASONS

Before the Court is a Notice of Appeal (Doc. 80) regarding the Magistrate Judge's order denying Plaintiff's Motion for Appointment of Counsel. The Court will construe this filing as a motion for review of the magistrate judge's decision. For the following reasons the Motion is **DENIED**.

### BACKGROUND

In this pro se civil rights action, Plaintiff challenges the constitutionality of Louisiana Revised Statutes § 13:2562.22. He complains that the state court Judicial Expense Fund, which holds fines assessed by state court judges, is controlled by these same judges.

1

Mr. Kruebbe was charged with a misdemeanor criminal violation in state court. When he failed to appear at a court date, Defendant Judge Beevers found him in contempt, assessed a fine of $150, and issued a writ of attachment for his arrest. Plaintiff alleges that he was never served with notice to appear in court. Nevertheless, his mother paid the contempt fee at issue, which was deposited into the Judicial Expense Fund for the Second Parish Court for the Parish of Jefferson. Plaintiff challenges the constitutionality of the Judicial Expense Fund because the judges of the court control the fines they assess, creating improper bias. He seeks injunctive relief precluding both his criminal prosecution and further collection of monies into the Judicial Expense Fund. Additionally, Plaintiff attempted to remove his misdemeanor theft prosecution to this Court; however, that case was remanded.[1]

The Magistrate Judge denied Plaintiff's first Motion to Appoint Counsel on February 22, 2016 (Doc. 38). Thereafter, Plaintiff filed a second Motion to Appoint Counsel, which was likewise denied by the Magistrate (Doc. 79). Plaintiff now appeals the denial of his second Motion to Appoint Counsel.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[2] A magistrate judge is afforded broad discretion in resolving such motions.[3] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[4] The district judge may reverse only upon a finding

---

[1] Doc. 20.
[2] 28 U.S.C. § 636(b)(1)(A).
[3] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D.La. Nov. 8, 2006).
[4] Fed. R. Civ. P. 72(a).

that the ruling is "clearly erroneous or contrary to law."[5] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[6]

## LAW AND ANALYSIS

As noted above, Plaintiff seeks review of the Magistrate Judge's denial of his second Motion to Appoint Counsel. The Court has reviewed the Magistrate's decision in this matter and concludes that it is neither clearly erroneous nor contrary to law. As the Magistrate correctly stated, absent "exceptional circumstances," an indigent civil rights litigant does not have a right to appointed counsel.[7] In determining whether such circumstances exist, a court must look to:

> (1) the type and complexity of the case; (2) whether the indigent litigant is capable of adequately presenting his case; (3) whether the litigant is in a position to investigate the case adequately; (4) whether the evidence will consist in large part of conflicting testimony, thus requiring skill in presentation and cross-examination.[8]

Following a telephonic hearing on Plaintiff's first Motion to Appoint Counsel, the Magistrate Judge determined that such circumstances did not exist, a finding that this Court finds is amply supported in the record. In denying the second Motion to Appoint Counsel, the Magistrate found no intervening change in circumstances since the time Plaintiff's first motion was decided. The record before the Court supports this finding. Accordingly, the Motion for Appeal is denied.

---

[5] 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).
[6] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D.La.2012).
[7] *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).
[8] *Id.*

## CONCLUSION

For the forgoing reasons, Plaintiff's motion for review is **DENIED**.

New Orleans, Louisiana this 26th day of July, 2016.

_____
 **JANE TRICHE MILAZZO**
 **UNITED STATES DISTRICT JUDGE**